UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
OLIVER BERRY,

                     09 Civ. 08413 (PKC)(THK)

                Plaintiff,

    -against-

                          **REPORT AND**
                          **RECOMMENDATION**

SHEILA A. CRISS, A.I. WALKER,
GERARD AUGUSTE,                 PRO SE

                Defendants.
-------------------------------------------X

**TO: HON. P. KEVIN CASTEL, UNITED STATES DISTRICT JUDGE.**

**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

    Plaintiff Oliver Berry is an inmate in the custody of the New York State Department of Correctional Services ("DOCS"). He brings this action, pursuant to 42 U.S.C. § 1983, alleging that when he was a detainee in the custody of the New City Department of Correction, in 2009, he sustained a serious hand injury and Defendants, City jail medical personnel, denied him pain medication and treatment.

    Pretrial discovery is essentially completed, and Defendants now move to dismiss this action, pursuant to 28 U.S.C. § 1915(e)(2)(A), arguing that Plaintiff made untruthful statements in his in forma pauperis ("IFP") application. Plaintiff responds that his misstatements were unintentional and that he did not have the resources to initiate this action when he did.

COPIES MAILED
TO COUNSEL OF RECORD ON 4/16/12

## FACTUAL BACKGROUND

When Plaintiff filed his Complaint, on July 21, 2009, he submitted a sworn form affidavit in support of his application to proceed in forma pauperis. The affidavit contained the question: "Have you received, within the past twelve months, any money from any source? If so, name the source and the amount of money you received." Plaintiff provided the following response: "$50/friend." Plaintiff also indicated that he did not receive any income from any other source. The form affidavit contained the statement: "I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration."

Defendants have now presented evidence, in the form of an Inmate Transaction List from the New York City Department of Correction, which shows that in the twelve months preceding July 2009, Plaintiff had numerous deposits to his prison account, totaling $1629.00. Defendants thus contend that because Plaintiff's allegation of poverty in his in forma pauperis application was untrue, this action should be dismissed with prejudice.

## DISCUSSION

Federal courts may authorize the commencement of a suit without the prepayment of filing fees "by a person who submits an affidavit that includes a statement of all assets such prisoner

2

possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition to submitting such an affidavit, a prisoner must submit a certified copy of his prison trust fund account statement for the 6-month period immediately preceding the filing of the complaint. Notwithstanding these provisions, prisoners are required to pay the full amount of the filing fee on an installment basis, as funds become available in their prison accounts. See id. § 1915 (b)(1)-(2). Regardless of whether the fee or any portion of the fee has been paid, however, "the court shall dismiss the case at any time if the court determines that — (A) the allegation of poverty is untrue[.]" Id. § 1915(e)(2)(A).

Defendants contend that Plaintiff's falsification of his receipt of money over the course of the year preceding his filing this action mandates the dismissal of this action. Plaintiff responds that, at the time this action was filed, he did not have sufficient money in his inmate account to pay the filing fee, and that "any misstatements in Plaintiff['s] IFP application [were] the cause of extreme stress and confusion at the time of his filing resulting from his painful hand injury and being sentenced to 40 to life." (Affidavit in Response to Motion to Dismiss, dated March 16, 2012, at 1.) Plaintiff further argues that he is still obligated to pay the filing fee and that deductions have been and will be

3

made from any money he earns in prison. (See id. at 1-2.)

Motions such as the instant one have become fairly commonplace in this Court, and judges have addressed them in a variety of ways. A case relied upon by Defendants, and often cited by other courts, is Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463 (S.D.N.Y. 2004). In Cuoco, the prisoner-plaintiff applied for IFP status claiming that, although she had sufficient funds in a financial account outside the prison to pay the court filing fee, prison authorities had prevented her from receiving those funds into her inmate account and had placed unreasonable liens on her prison account for damaging prison property, so that the account reflected a negative balance of $558.70. It was later disclosed, however, that shortly before filing her action, the plaintiff accepted an offer of judgment in another suit for $10,000.00, and settled another case for $3,500.00. While her IFP application was pending, she contacted two different government attorneys and directed them to send the settlement amounts to her mother's address rather than to her prison account. Moreover, she explicitly prohibited prison authorities from accepting checks on her behalf; thus, money could not be deposited into her prison trust account. See id. at 465. Yet, she represented to the Court that prison authorities had prohibited her from depositing the settlement monies into her trust account. The Court found that Cuoco had "deliberately concealed

4

her finances and misrepresented on her IFP application to convey the impression that she could not pay the filing fee[.]" Id. at 467. In addition to Cuoco's "total disregard for the truth" in that particular lawsuit, the Court found that she repeatedly mischaracterized her financial condition in IFP applications in other federal actions, leading to a finding of "bad faith." Id. at 468-69. As a consequence, the court dismissed the action.

This Court accepts, as the Cuoco court found, that "the ability to proceed IFP is a privilege provided for the benefit of indigent persons," and "the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not abused." Id. at 467 (internal quotation marks and citations omitted). Although Plaintiff has not been forthright in his IFP affidavit, which this Court condemns, the misrepresentations made are of quite a different magnitude and import than those in Cuoco. First, although Plaintiff had money deposited in his inmate trust account over the course of the preceding year, each deposit was relatively modest and was obviously intended to provide a means for him to make purchases from the prison commissary and to otherwise provide for his immediate needs. No evidence has been submitted showing that, at any one time, Plaintiff had more than $100.00 in his prison account or that he had the resources to pay the total filing fee.

Moreover, notwithstanding the inaccuracy in his IFP application, even Defendants do not contend that Plaintiff was and is not indigent. Indeed, his "allegation of poverty is [not] untrue[.]" 28 U.S.C. § 1915(e)(2)(A). In Cuoco, the plaintiff was concealing a substantial sum of money that belied her claim of poverty. See also Vann v. Horn, No. 10 Civ. 6777 (PKC), 2011 WL 3501880, at *2 (S.D.N.Y. Aug. 9, 2011) (finding deliberate effort to conceal a $30,000.00 settlement and a child-support obligation). There is thus no evidence of "bad faith" on Plaintiff's part. See id. at *1 ("A misrepresentation by a plaintiff as to his or her financial assets is not necessarily fatal to the plaintiff's claims. However, dismissal is appropriate where a plaintiff misrepresents [his or] her financial arrangements in bad faith to obtain IFP status.") (internal citations and quotation marks omitted); Robinson v. The City of New York, 10 Civ. 8539 (RJS), Order, dated Oct. 7, 2011 ("Bad faith includes concealing a source of income in order to gain access to a court with prepayment of fees.")(citation omitted).

In addition, Plaintiff has been paying contributions toward the filing fee and, ultimately, will be responsible for the entire fee. In Cuoco, the plaintiff had manipulated her circumstances to

6

prevent money from being deposited into her trust account.[1]

Finally, no evidence has been presented to indicate that Plaintiff has repeatedly misrepresented his financial circumstances in other federal litigation.

The Court recognizes that some judges of this Court have taken a stricter view of the IFP statute. See, e.g., Williams v. Dep't of Corr., No. 11 Civ. 1515 (SAS), 2011 WL 3962596, at *3 (S.D.N.Y. Sept. 7, 2011); Smith v. City of New York, 11 Civ. 418 (LTS)(GWG), Order, dated Aug. 5, 2011 (dismissing case without prejudice where plaintiff offered no explanation for discrepancy in IFP application and his trust account records).

Under the circumstances of this case, this Court does not find that dismissal is justified.

**CONCLUSION**

For the reasons set forth above, the Court recommends that Defendants' motion to dismiss be denied.

---

[1] As Judge Patterson observed in a similar context, the agreement to authorize release of prison trust account records, such as the one Plaintiff executed, precludes a finding of "bad faith" when the records accurately reflect a prisoner's finances. See Morales v. City of New York, 10 Civ. 9534 (RPP), Opinion and Order, dated Sept. 23, 2011 ("The purpose of of the Court's In Forma Pauperis form is to determine if the plaintiff is sufficiently indigent to entitle him to a waiver of the Court's filing fee. Since the forms submitted to the Court authorized payment of the fee from each of the Plaintiffs' prison account[s], the Plaintiffs have not frustrated the purpose of the IFP form.").

7

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and (d). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable P. Kevin Castel, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Castel. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466, 475 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully Submitted,

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: April 16, 2012
       New York, New York

8