USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-10-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OLIVER BERRY,

                      Plaintiff,                     09 Civ. 8413 (PKC) (THK)

      -against-                         ORDER ADOPTING REPORT
                                                      AND RECOMMENDATION

SHEILA A. CRISS, A.I. WALKER and
GERARD AUGUSTE,

                      Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Magistrate Judge Theodore H. Katz, to whom this case was referred for a Report and Recommendation (the "R&R") on a dispositive motion, issued an R&R dated April 16, 2012, recommending denial of defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A). (Docket # 35.) Section 1915(e)(2)(A) requires dismissal if, in applying to proceed in forma pauperis, the plaintiff's "allegation of poverty is untrue." In denying the motion, the R&R advised that the parties had fourteen days to file written objections. (R&R at 8.) The deadline for objections has since passed, and the defendants have submitted no objections.

        As noted by the R&R, defendants argued that the action should be dismissed because plaintiff was untruthful in his in forma pauperis application. (R&R at 2.) Plaintiff filed his request to proceed in forma pauperis on July 21, 2009, and in response to a request to list money received in the previous 12 months, listed only $50 received from a "friend." (R&R at 2.) The R&R notes that, in truth, during the twelve months preceding July 2009, deposits were made into plaintiff's prison account totaling $1,629. (R&R at 2.) The R&R observed that each individual deposit was "relatively modest," and that they permitted plaintiff to make purchases in the prison commissary. (R&R at 5.) No evidence indicated that the account ever held more than $100 at a time, or that

2

plaintiff had a sum sufficient to pay the total filing fee. (R&R at 5.) As noted by Magistrate Judge Katz, "even Defendants do not contend that Plaintiff was not and is not indigent," and no evidence indicated bad faith by the plaintiff. (R&R at 6.) Moreover, plaintiff has been paying contributions toward the filing fee, which he ultimately must pay in full. (R&R at 3-4, 6.) Magistrate Judge Katz distinguished the record here from Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 468-69 (S.D.N.Y. 2004), in which the plaintiff attempted to conceal $13,500 in funds, and undertook conduct reflecting a "total disregard for the truth" amounting to bad faith. (R&R at 4-5.)

I concluded that the R&R is well reasoned and grounded in law. In adopting the R&R, I underscore Judge Katz's condemnation of plaintiff's failure to forthrightly list funds received over the preceding year. (R&R at 5.) As noted by Judge Katz, however, defendants do not dispute plaintiff's actual indigence, the record does not reflect that petitioner at any point had the resources to pay the total filing fee, and, unlike Cuoco and its progeny, there is no evidence of bad faith or concealment. (R&R at 5-7.)

I adopt the R&R in full. The defendants' motion is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
May 10, 2012